| | |
|---|---|
| **TRAFFIX USA, INC.** <br><br>   Plaintiff, <br><br> vs. <br><br> **ALTEX TRANSPORTATION, INC.** <br><br>   Defendants. | **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS** <br><br> **Docket No. 21-cv-3625** <br><br> <u>Civil</u> <u>Action</u> |

### BRIEF OF PLAINTIFF IN OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS

Rubenstein Business Law
30 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
Ph: 312-466-5612
Fax: 312-466-5601
Email: Drubenstein@rubensteinbusinesslaw.com

**DAVID RUBENSTEIN, ESQ.**
**Of Counsel and On the Brief**

## STATEMENT OF FACTS

The following facts from the Complaint are hereby incorporated and adopted for the purposes of this Motion:

1. On or about April 28, 2020, Traffix entered into a contract (hereinafter "Contract") with Altex for Load #529068 wherein Altex was to transport goods from Silgan -FTG Dodge Alcan Plant, 3591 Maple Drive, Dock #6, Fort Dodge, IA, 50501 to Silgan Containers Manufacturing Corp., Pacific Coast, 1376 Lemen Ave. Woodland, CA 95776. Altex would provide this service in exchange for $3,100.00.

2. On or about April 28, 2020, Traffix entered into a second contract (hereinafter "Second Contract") with Altex for Load #529070 wherein Altex was to transport goods from Silgan -FTG Dodge Alcan Plant, 3591 Maple Drive, Dock #6, Fort Dodge, IA, 50501 to Silgan Containers Manufacturing Corp., Pacific Coast, 1376 Lemen Ave. Woodland, CA 95776. Altex would provide this service in exchange for $3,100.00.

3. According to both the Contract and Second Contract, the goods were to be picked up by Altex on April 30, 2020 and was to be delivered by May 4, 2020.

4. While the cargo was in Altex's custody and control, they were responsible for any damages relating to the loss or destruction of the cargo.

5. The Contract and Second Contract both state that "CLAIMS AND DAMAGES WILL BE HELD AGAINST CARRIER ACCOUNT IN ARREARS UNTIL THE CLAIM IS SETTLED."

6. The Contract and Second Contract both state that "Silgan, or its affiliates, DO NOT ALLOW TRANS-LOADING, EQUIPMENT (CET) CHANGES, OR ORIGIN/DESTINATION CHANGES OTHER THAN STATED ON EACH TENDER

WITHOUT WRITTEN APPROVAL FROM AN AUTHROIZED SILGAN REPRESENTATIVE. Any deviation from this policy will result in a full claim with carrier potentially liable for disposal charges."

7. During the transport, the cargo became damaged.

8. Upon arrival, it was noticed that the container number did not match the paperwork. Upon investigation, it was determined that the pallets were off-loaded and reloaded onto another trailer. This is against Silgan policy and the ends are not able to be sold to the customer due to possible contamination.

9. Accordingly, Altex is in breach of the Contract and Second Contract, as Altex was responsible for the safety of the cargo while it was in their possession, and violated the Contract and Second Contract by Trans-loading without written approval.

10. As a result, Plaintiff is forced to reimburse Silgan for the damaged cargo.

11. Traffix has been damaged in the amount of $111,366.46, plus attorney's fees and damages.

## **LEGAL ARGUMENT**

Defendant argues that the state law claims are preempted by the Carmack Amendment. In general, the Carmack Amendment "preempts separate state-law causes of action that a shipper might pursue against a carrier for lost or damaged goods." REI Transp., Inc. v. C.H. Robinson Worldwide, Inc., 519 F.3d 693, 697 (7th Cir. 2008); see also Gordon v. United Van Lines, Inc., 130 F.3d 282, 288-89 (7th Cir. 1997. However, the preemption does not apply to "every claim even remotely associated with the transfer of goods from one place to another. . . ." Gordon, 130 F.3d at 288-89 (indicating that such a claim would not necessarily be "a claim for damages to the shippers' goods"). A carrier may still be liable

2

"for certain kinds of separate and independently actionable harms that are distinct from the loss of, or the damage to, the goods." Id.

In the instant action, Traffix is not bringing claims as a shipper against a carrier. Instead, Traffix is bringing claims for indemnity as a broker. Other courts have recognized such claims as separate and distinct claims outside the scope of the Carmack Amendment. See Keystone Logistics, Inc. v. Struble Trucking LLC, 2014 U.S. Dist. LEXIS 166006, 2014 WL 6750052, at *3 (N.D. Ind. 2014); Nat'l Bankers Trust Corp. v. Peak Logistics, LLC, 2014 U.S. Dist. LEXIS 149204, 2014 WL 5343639, at *3 (W.D. Tenn. 2014)(holding that Carmack Amendment did not preempt claims brought by a broker against a carrier); TransCorr Nat. Logistics, LLC v. Chaler Corp., 2008 U.S. Dist. LEXIS 104472, 2008 WL 5272895, at *3 (S.D. Ind. 2008)(explaining that "[t]he purpose of the Carmack Amendment is to prevent carriers from being placed in the untenable position of having to determine what their liability may be in many jurisdictions with differing laws" and that "[l]iability issues under broker-carrier contracts do not raise the same concern because parties to the contracts may reasonably expect that their contracts will be interpreted consistently by the law of the jurisdiction in which the contract was made"); Viasystems Techs. Corp., LLC v. Landstar Ranger, Inc., 2011 U.S. Dist. LEXIS 77845, 2011 WL 2912763, at *9 (E.D. Wis. 2011)(stating that "[t]o fall within the confines of the Amendment, the party causing the loss must be a motor carrier or freight forwarder; the Amendment does not apply to brokers").

The reasoning that the broker is separate from the shipper and the carrier as well is also consistent with the caselaw indicating that a broker cannot be sued as a carrier under the Carmack Amendment. See Hewlett-Packard Co. v. Brother's Trucking Enterprises, Inc., 373 F. Supp. 2d 1349, 1351-52 (S.D. Fla. 2005)(stating that "[t]he Carmack Amendment governs carriers, not brokers"); Custom Cartage, Inc. v. Motorola, Inc., 1999 U.S. Dist. LEXIS 1684, 1999 WL 89563, at *3 (N.D. Ill. 1999)(stating that the "Carmack Amendment is silent on the issue of broker liability").

In the instant action, Traffix is seeking to recover pursuant to the contract that was formed as a

3

broker and to indemnify Traffix for the damages Traffix had to pay to Silgan. <u>Keystone</u>, 2014 U.S. Dist. LEXIS 166006, 2014 WL 6750052, at *3 (explaining that bill of lading and broker agreement involved two separate contracts). As detailed in Paragraph 11 of the Complaint, "As a result, Plaintiff is forced to reimburse Silgan for the damaged cargo." Traffix is not asserting rights in this case as an assignee of Silgan's rights, so no assignment is needed. See <u>Nat'l Bankers Trust Corp</u>., 2014 U.S. Dist. LEXIS 149204, 2014 WL 5343639, at *3 (noting that there was no "allegation that [the broker was] simply enforcing the shipper's claims as assignee"). Thus, the claims in the Complaint are not preempted by the Carmack Amendment. Therefore, Defendants' motion to dismiss should be denied.

## CONCLUSION

All inferences must be rendered in favor of Plaintiff as the non-moving party. Plaintiff respectfully requests that this Court deny the Defendants' Motion in its entirety.

Dated: September 2, 2021　　　　　　　　　　By: s/**David Rubenstein**
　　　　　　　　　　　　　　　　　　　　　　David Rubenstein, Esq.
　　　　　　　　　　　　　　　　　　　　　　Rubenstein Business Law
　　　　　　　　　　　　　　　　　　　　　　30 S. Wacker Drive, 22nd Floor
　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　　　Ph: 312-466-5612
　　　　　　　　　　　　　　　　　　　　　　Fax: 312-466-5601
　　　　　　　　　　　　　　　　　　　　　　Email: Drubenstein@rubensteinbusinesslaw.com