IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAFFIX USA, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-cv-3625 ) ) |
| ALTEX TRANSPORTATION, INC., | ) Honorable Martha M. Pacold ) Magistrate Young B. Kim |
| Defendant. | ) ) |

**ALTEX TRANSPORTATION, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, ALTEX TRANSPORTATION, INC. ("Altex"), by and through its attorneys, Leahy, Eisenberg & Fraenkel, Ltd., and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**PARTIES**

1. Traffix USA Inc. is a long-standing third-party logistics specialist, whose office is located is located at 141 W Jackson Boulevard, Suite 2010A, Cook County, Chicago, Illinois 60604.

    **ANSWER:** **Altex lacks the requisite knowledge to either admit or deny the allegations contained in Paragraph 1 and, therefore, denies the same.**

2. Altex Transportation, Inc., is located at 2600 Rice Ave., West Sacramento, CA 95691.

    **ANSWER:** **Altex admits the allegations contained in Paragraph 2.**

**COUNT I**

**BREACH OF CONTRACT AGAINST ALTEX TRANSPORTATION. INC.**

3. On or about April 28, 2020, Traffix entered into a contract (hereinafter "Contract") with Altex for Load #529068 wherein Altex was to transport goods from Silgan -FTG

1

Dodge Alcan Plant, 3591 Maple Drive, Dock #6, Fort Dodge, IA, 50501 to Silgan Containers Manufacturing Corp., Pacific Coast, 1376 Lemen Ave. Woodland, CA 95776. Altex would provide this service in exchange for $3,100.00. Said contract is attached as Exhibit "A."

    **ANSWER:** **Altex admits that it was retained by Traffix USA, Inc. ("Plaintiff"), to transport Load No. 529068 pursuant to the terms and conditions of Exhibit A of Plaintiff's Complaint, which is a written document that speaks for itself with respect to its terms. To the extent that the allegations contained in Paragraph 3 are inconsistent with Exhibit A, as written, said allegations are denied.**

4. On or about April 28, 2020, Traffix entered into a second contract (hereinafter "Second Contract") with Altex for Load #529070 wherein Altex was to transport goods from Silgan -FTG Dodge Alcan Plant, 3591 Maple Drive, Dock #6, Fort Dodge, IA, 50501 to Silgan Containers Manufacturing Corp., Pacific Coast, 1376 Lemen Ave. Woodland, CA 95776. Altex would provide this service in exchange for $3,100.00. Said Second Contract is attached as Exhibit "B."

    **ANSWER:** **Altex admits that it was retained by Plaintiff to transport Load No. 529070 pursuant to the terms and conditions of Exhibit B of Plaintiff's Complaint, which is a written document that speaks for itself with respect to its terms. To the extent that the allegations contained in Paragraph 4 are inconsistent with Exhibit B, as written, said allegations are denied.**

5. According to both the Contract and Second Contract, the goods were to be picked up by Altex on April 30, 2020 and was to be delivered by May 4, 2020.

   **ANSWER:** **Altex states that Exhibits A and B of Plaintiff's Complaint are written documents that speak for themselves with respect to their terms. To the extent that the allegations contained in Paragraph 5 are inconsistent with Exhibit A and B, as written, said allegations are denied.**

6. While the cargo was in Altex's custody and control, they were responsible for any damages relating to the loss or destruction of the cargo.

   **ANSWER:** **Altex denies the allegations contained in Paragraph 6.**

7. The Contract and Second Contract both state that "CLAIMS AND DAMAGES WILL BE HELD AGAINST CARRIER ACCOUNT IN ARREARS UNTIL THE CLAIM IS SETTLED." See attached Exhibit "A" and "B."

   **ANSWER:** **Altex states that Exhibits A and B of Plaintiff's Complaint are written documents that speak for themselves with respect to their terms. To the extent that the allegations contained in Paragraph 7 are inconsistent with Exhibit A and B, as written, said allegations are denied.**

8. The Contract and Second Contract both state that "Silgan, or its affiliates, DO NOT ALLOW TRANS-LOADING, EQUIPMENT (CET) CHANGES, OR ORIGIN/DESTINATION CHANGES OTHER THAN STATED ON EACH TENDER WITHOUT WRITTEN APPROVAL FROM AN AUTHORIZED SILGAN

REPRESENTATIVE. Any deviation from this policy will result in a full claim with carrier potentially liable for disposal charges." See attached Exhibit "A" and "B."

**ANSWER:** **Altex states that Exhibits A and B of Plaintiff's Complaint are written documents that speak for themselves with respect to their terms. To the extent that the allegations contained in Paragraph 8 are inconsistent with Exhibit A and B, as written, said allegations are denied.**

9. During the transport, the cargo became damaged.

   **ANSWER:** **Altex denies the allegations contained in Paragraph 9.**

10. Upon arrival, it was noticed that the container number did not match the paperwork. Upon investigation, it was determined that the pallets were off-loaded and reloaded onto another trailer. This is against Silgan policy and the ends are not able to be sold to the customer due to possible contamination.

    **ANSWER:** **Altex lacks the requisite knowledge to either admit or deny the allegations contained in Paragraph 1 and, therefore, denies the same.**

11. Accordingly, Altex is in breach of the Contract and Second Contract, as Altex was responsible for the safety of the cargo while it was in their possession, and violated the Contract and Second Contract by Trans-loading without written approval.

    **ANSWER:** **Altex denies the allegations contained in Paragraph 11.**

12. As a result, Plaintiff is forced to reimburse Silgan for the damaged cargo.

    **ANSWER:** **Altex denies any liability with respect to reported damage to the cargo. Altex lacks the requisite knowledge to either admit or deny**

> **the remaining allegations contained in Paragraph 12 and, therefore, denies the same.**

13. Traffix has been damaged in the amount of $111,366.46, plus attorney's fees and damages.

> **ANSWER:** **Altex denies the allegations contained in Paragraph 13.**

WHEREFORE, Defendant, ALTEX TRANSPORTATION, INC., respectfully requests that this Honorable Court enter judgment for it and against Plaintiff, and for any and all other relief this Court deems equitable and just.

## COUNT II

## UNJUST ENRICHMENT AGAINST ALTEX

14. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 13 as if same were set forth at length herein.

> **ANSWER:** **Altex adopts and reasserts its Answers to Paragraphs 1 through 13 as if fully set forth herein.**

15. As an alternative to Count I, Plaintiff conferred a financial benefit on Altex by arranging for them to pick up $111.366.46 worth of cargo.

> **ANSWER:** **Altex denies the allegations contained in Paragraph 15.**

16. At time of delivery, the cargo was rejected due to damage. Upon arrival, it was noticed that the container number did not match the paperwork. Upon investigation, it was determined that the pallets were off-loaded and reloaded onto another trailer. This is against Silgan policy and the ends are not able to be sold to the customer due to possible contamination.

> **ANSWER:** **Altex denies the allegations contained in Paragraph 16.**

17. By virtue of Altex's failure to safeguard the shipment, the damage to the product has resulted in a monetary loss to the Plaintiff.

    **ANSWER:** **Altex denies the allegations contained in Paragraph 17.**

18. As a result of the Defendant's actions, Plaintiff has suffered substantial damages.

    **ANSWER:** **Altex denies the allegations contained in Paragraph 18.**

WHEREFORE, Defendant, ALTEX TRANSPORTATION, INC., respectfully requests that this Honorable Court enter judgment for it and against Plaintiff, and for any and all other relief this Court deems equitable and just.

## COUNT III

## NEGLIGENCE AGAINST ALTEX

19. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 18 as if same were set forth at length herein.

    **ANSWER:** **Altex adopts and reasserts its Answers to Paragraphs 1 through 18 as if fully set forth herein.**

20. Altex had a duty to safeguard the cargo as an agent on behalf of Plaintiff.

    **ANSWER:** **Altex denies the allegations contained in Paragraph 20.**

21. Altex breached that duty. Upon arrival, it was noticed that the container number did not match the paperwork. Upon investigation, it was determined that the pallets were off-loaded and reloaded onto another trailer. This is against Silgan policy and the ends are not able to be sold to the customer due to possible contamination.

    **ANSWER:** **Altex denies the allegations contained in Paragraph 21.**

22. Altex's negligence proximately caused the breach by failing to act in a reasonable manner to safeguard the cargo.

**ANSWER:** Altex denies the allegations contained in Paragraph 22.

23. As a result, Plaintiff is forced to reimburse Silgan for the damaged cargo.

**ANSWER:** **Altex denies any liability with respect to reported damage to the cargo. Altex lacks the requisite knowledge to either admit or deny the remaining allegations contained in Paragraph 23 and, therefore, denies the same.**

24. Traffix has been damaged in the amount of $111.366.46, plus attorney's fees and damages.

**ANSWER:** Altex denies the allegations contained in Paragraph 25.

WHEREFORE, Defendant, ALTEX TRANSPORTATION, INC., respectfully requests that this Honorable Court enter judgment for it and against Plaintiff, and for any and all other relief this Court deems equitable and just.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, ALTEX TRANSPORTATION, INC. ("Altex"), by and through its attorneys, Leahy, Eisenberg & Fraenkel, Ltd., and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

Traffix USA, Inc.'s ("Plaintiff") Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks special and/or consequential damages, Altex is not responsible for such amounts.

**THIRD AFFIRMATIVE DEFENSE**

The transportation of the cargo referred to in Plaintiff's Complaint was conducted in accordance with and subject to all the terms and conditions of Exhibits A and B of Plaintiff's Complaint, as well as all applicable transportation contracts, classifications and tariffs, and the rules, regulations and practices of Altex.

**FOURTH AFFIRMATIVE DEFENSE**

Altex refers to and relies upon any and all defenses, conditions, rules and regulations of or within any contracts, contracts of carriage, bills of lading, classifications and tariffs for the subject transportation.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Exhibits A and B of Plaintiff's Complaint, contract of carriage, bills of lading, and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth therein, and the rules, regulations and practices of Altex provided for any limitation of liability for any loss or damage to the shipments in question, Plaintiff cannot recover in excess of this amount.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that Altex did not load, secure, or package the subject cargo, it cannot be held liable for any damage to the cargo caused by improper loading, securing, or packaging.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by Plaintiff's failure to provide sufficient notice of claim as required pursuant to Exhibits A and B of Plaintiff's Complaint, any applicable contracts of carriage, bills of lading and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth therein, or any applicable statutory requirements.

**EIGHT AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred pursuant to the suit limitation period set forth in Exhibit A and B of Plaintiff's Complaint, any applicable contracts of carriage, bills of lading and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth therein, or any applicable statutory requirements.

**NINTH AFFIRMATIVE DEFENSE**

If the cargo referred to in Plaintiff's Complaint suffered any loss, damage, and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by the acts of omissions of a third party or parties over whom Altex had no control.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate its damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to pursue the claims asserted in its Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

As the subject cargo was in interstate transit at the time of the alleged damage, Plaintiff's Complaint is preempted, in whole or in part, by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C §14706.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Altex hereby reserves its right to amend or assert additional affirmative defenses as further information becomes available.

WHEREFORE, Defendant ALTEX TRANSPORTATION, INC., respectfully requests that this Honorable Court enter judgment for it and against Plaintiff, and for any and all other relief this Court deems equitable and just.

Respectfully submitted,

ALTEX TRANSPORTATION, INC.

By: <u>s/ *Scott Wing*</u>
     One of the Attorneys for Defendant

Scott Wing (ARDC No. 6298780)
Howard Randell (ARDC No. 6204957)
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel.: (312) 368-4554
Fax: (312) 368-4562
Email: sw@lefltd.com
      hbr@lefltd.com

\\LEFPL19\ProLawFILES\Documents\HARTFORD - HBR\20923\PLEADINGS - FEDERAL\994344.docx

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **April 26, 2022**, I electronically filed the foregoing using the Court's CM/ECF system, which will send notification of such filing to all parties of record.

                        Respectfully submitted,

                        */s/ Scott Wing*
                        _____
                        Leahy, Eisenberg & Fraenkel, Ltd.
                        33 W. Monroe St., Suite 1100
                        Chicago, IL 60603
                        (312) 368-4554 – Phone
                        (312) 368-4562 – Fax

Scott Wing (ARDC No. 6298780)
Howard Randell (ARDC No. 6204957)
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel.: (312) 368-4554
Fax: (312) 368-4562
Email: sw@lefltd.com
        hbr@lefltd.com