IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRAFFIX USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:21-cv-03625 |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| | ) | Honorable Young B. Kim |
| | ) | |
| ALTEX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**WRITTEN DISCOVERY JOINT STATUS REPORT**

Pursuant to the Courts's Order of April 29, 2022, Defendant, ALTEX TRANSPORTATION, INC. ("Altex") and Plaintiff, TRAFFIX USA, INC. ("Traffix"), by and through their counsel, have prepared and hereby the following Joint Status Report:

**Defendant's Written Discovery Status Statement:**

Per the Court's April 29, 2022 Order, the parties were required to exchange Rule 26(a)(1) initial disclosures by May 13, 2022, serve written discovery requests by May 20, 2022, and serve answers to written discovery requests by June 17, 2022. See Dkt. 26. While, in accordance with the Order, Defendant served its Initial Disclosures upon Plaintiff on May 13, 2022, Plaintiff neither served Defendant with its Disclosures, nor did Plaintiff request an extension of time to do so. After multiple requests for the status of Plaintiff's Disclosures, by email dated May 19, 2022, Plaintiff's counsel advised that he was "[i]n bed with Covid," but that he "should be able to provide them [the] next week." (See Counsel's May 19, 2022 email, attached hereto as Exhibit A.) In light of counsel's reported illness, Defendant did not pursue further action at that time, but did issue

Interrogatories and Requests for Production to Plaintiff on May 20, 2022, in accordance with the Order. See Defendant's Interrogatories and Requests for Production, attached hereto as Exhibit B.

After receiving no further response from Plaintiff, on June 21, 2022, counsel for Defendant emailed counsel and again requested that Plaintiff comply with the Court's Order and provide its initial disclosures, as well as the now-overdue answers to Defendant's written discovery. (See June 21, 2022 correspondence attached hereto Exhibit C). On June 23, 2022, Plaintiff finally provided Defendant with its purported initial disclosures. (See Traffix's Rule 26(a)(1) disclosures attached hereto as Exhibit D). Despite the requirements of Federal Rule 26(a)(1), Plaintiff did not produce or identify any specific documents which would be offered to support its claims, nor did Plaintiff provide an itemization of its claimed damages, stating without explanation that it could not do so while discovery is ongoing. *Id.*

On June 30, 2022, the parties conferred about the adequacy of discovery, pursuant to the Court's Order. During that conference, Plaintiff's counsel indicated that he would not be supplementing Plaintiff's deficient initial disclosures, but that he intended to issue written discovery requests and to provide responses to Defendant's written discovery by July 5, 2022. Defendant's counsel advised that Defendant would not consent to the unilateral extension of time and would advise the Court of Plaintiff's failure to comply with the Order in the required joint status report. On July 3, 2022, approximately six weeks after the Court's May 20, 2022 deadline, Plaintiff propounded written discovery requests upon Defendant. Earlier today, July 8, 2022, Plaintiff finally provided responses to Defendant's written discovery, although Defendant has not yet had an opportunity to fully review the responses to confirm they are complete or to identify any specific issues to be raised with the court. Therefore, Defendant requests that the Court allow

Defendant reasonable time to complete its review and to raise any issues with the Court, if necessary.

As set forth above, Plaintiff has failed to comply with any of the deadlines set forth in the April 19, 2022 Order and did not, at any point, advise the Court of any issue or request that the Scheduling Order be extended or modified in any way. Defendant therefore requests that the Court enter an order striking Plaintiff's untimely requests for written discovery and for any further relief it finds just and appropriate.

**Plaintiff's Written Discovery Status Statement:**

As confirmed by Defendant, Plaintiff has provided its written responses to all discovery. Plaintiff has also served written discovery demands on the Defendant. Although Plaintiff propounded discovery after the Court's deadline, the Defendant acknowledges that Plaintiff's counsel informed Defendant's counsel back in May that discovery delays were caused by Plaintiff's counsel contacting the Covid-19 virus back in May. Nevertheless, Plaintiff's counsel met and conferred with Defendant's counsel on June 30, 2022 to request an extension of time to propound discovery, which Defendant denied without citing any prejudice. Indeed, this extension will not prejudice Defendant in any way as the case is still in its infancy and no depositions have been taken. Rather than waste the Court's valuable resources filing a Motion, we respectfully request that an extension be granted for the Defendant to reply to Plaintiff's already-propounded discovery so the case can move forward on its merits.

In addition, Plaintiff also welcomes a settlement conference to amicably resolve this dispute.

Respectfully submitted,

ALTEX TRANSPORTATION, INC.

By:   /s/ *Scott Wing*  
      Attorney for Defendant

Scott Wing (ARDC No. 6298780)
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603
Tel.: (312) 368-4554
Fax: (312) 368-4562
Email: sw@lefltd.com

TRAFFIX USA, INC

By:   /s/ *David Rubenstein*  
      Attorney for Plaintiff

David Rubenstein, Esq.
Rubenstein Business Law
30 S. Wacker Drive, 22nd FL
Chicago, IL 60606
Email: DRubenstein@RubensteinBusinessLaw.com