**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRAFFIX USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-3625 |
| v. | ) | |
| | ) | Honorable Martha M. Pacold |
| ALTEX TRANSPORTATION, INC., | ) | Magistrate Young B. Kim |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

NOW COMES Plaintiff Altex Transportation, Inc. ("Traffix"), by and

through its attorneys, Rubenstein Business Law, pursuant to Federal Rule of Civil Procedure 33

propounds its First Set of Interrogatories upon Defendant Altex Transportation, Inc. ("Altex"), as

follows:

**INSTRUCTIONS**

1. Each interrogatory below should be answered separately and in accordance with the definitions herein. Interrogatories should not be combined for the purpose of supplying a common answer, and answers should not be supplied by reference to the answer and to another interrogatory, unless the answer is completely identical to the answer to which it refers.

2. Where knowledge or information in your possession or control is requested or inquired of, such request or inquiry includes, but is not limited to, the knowledge of your agents, employees, representatives or other person acting or appearing to act on your behalf, and unless privileged, your attorneys.

3. If an interrogatory asks you to describe or identify a document, you may, in lieu of describing or identifying the document, attach a true and correct copy of that document as an exhibit to the answers to these interrogatories. For each interrogatory identify with particularity precisely from which documents the answer may be derived or ascertained.

4. If you make any objection with respect to the answer to all or part of any interrogatory, it should be so indicated in the space following the interrogatory, providing a full statement of the nature of and basis for the objection. If you make any claim of privilege with respect to all or part of the answer to any interrogatory, you should provide, for each interrogatory or subpart thereof, (a) the item claimed to be privileged, (b) the nature of the privileged claimed, and (c) a statement of the factual basis for applicability of the privilege. If the claim of privilege is based

1

on one or more allegedly confidential communications, of each such communication specify in the space provided, or if more space is needed on additional sheets, the following information:

      a. a brief description of the type and contents of each such communication, whether oral or written, the date of the communication and, if written, the document's title;

      b. the name, occupation, and position of the initiator of the communications;

      c. the name, occupation, and position of each addressee of the communication;

      d. the name, occupation, and position of each other person who received the communication or to whom the communication was disseminated or who was made aware of its contents.

      5. Unless otherwise stated, these interrogatories request information for all time periods.

      6. If you cannot answer in full any portion of any of the following interrogatories after exercising due diligence to secure the information to do so, please so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

## **DEFINITIONS**

For the purposes of these Interrogatories, the following shall apply:

      A. "You" or "Your" shall mean the party to whom these interrogatories are directed, and, if appropriate, its agents and/or assigns, and all other persons acting or purporting to act on said Party's behalf.

      B. "Responding Party" shall refer to the party to whom these Interrogatories are directed.

      C. "Petition" shall refer to the Complaint or Petition (inclusive of any amendments) filed in the above entitled cause.

      D. "Traffix" shall mean Plaintiff, Traffix USA, Inc., and any of its employees, agents, parents, subsidiaries, successors or affiliates.

      E. The terms "the above proceeding" shall mean all events and proceedings alleged in or which otherwise concern the Petition, and any other pleadings or motions filed in this matter.

      F. The term "incident" or "alleged incident" shall mean the events as alleged in the Petition.

G.   The term "communication" shall mean any transmission or exchange of information between two or more persons, orally or in writing, and including without limitation, any conversation or discussion, whether face-to-face or by means of any telephone, telegraph, telecopies, electronic or other media.

H.   The terms "identify" or "identity" when used with reference to a person shall mean that the following information is required: Such individuals name, business address, home address, home telephone number and business telephone number, or last known contact information. With reference to a document the term shall mean that the following information is requested: The type of document (e.g., letter, memorandum, telegram, chart); date; author's name, address and title; file number or other identifying symbol, if any; its present location; and the name and address of its custodian.

I.   The term "document" shall mean all written, recorded or graphic matters, however produced or reproduced, pertaining in any way to the subject matter of this action. This definition includes but is not limited to, any and all originals, copies or drafts or any and all of the following: records; notes; summaries; schedules; reports; statements; books; notebooks; diary notations; agenda; minutes of meetings; memoranda; letters; contracts or agreements; drawings; sketches; invoices; orders; tapes; transcripts; or recordings; photographs; pictures or files; computer programs or data; or other graphic, symbolic, recorded or written materials of any nature whatsoever. Any document which contains any comments, notation, additions, deletions, insertions or markings of any kind which are not on another document is to be construed as a separate document.

J.   The term "person" shall mean natural persons, firms, partnerships, joint ventures, corporations, and any other form of business organization or arrangement.

K.   The term "or" shall mean both "or," and "and".

L.   The use of the singular shall be determined to include the plural, and use of the masculine, the feminine, as appropriate in the context.

M.   The term "concerning" shall mean referring to, reflecting, or to related in any manner logically, factually, indirectly or directly to the matter discussed.

N.   The term "subject property" or "subject cargo" shall mean the cans and lids, which are the subject of the Petition.

O.   The term "transportation" or "subject transportation" shall mean the movement of the subject cargo as referred in the Petition.

P.   The term "occurrence" shall mean the incident referred in the Petition.

Q.   "Silgan" shall mean Silgan-FTG Didge Alcan Plant and any of its employees, agents, parents, subsidiaries, successors or affiliates including, but not limited to, Silgan Containers Manufacturing Corp.

**INTERROGATORIES**

1.   State the full name, address, telephone number, social security number, employer, and employment capacity of the individual(s) answering and/or assisting in the answering of these Interrogatories.

**ANSWER:**

2.   State the full name, present or last-known address and telephone number of every person having or claiming to have knowledge of the events described in or related to the Petition, including but not limited to: the subject transportation and the cause, origin, and damages of the losses claimed. For each person, please summarize the extent of their knowledge.

**ANSWER:**

3.   State whether you have knowledge of any photographs, video, or other pictorial representations of the subject cargo taken either before, at the time, or after the occurrence. If so, state the name and address of each person in possession of said photographs or pictorial representations.

**ANSWER:**

4.   Identify any and all oral and/or written contracts between Traffix and Silgan with regard to the subject cargo and the transportation of the subject cargo and any and all oral/written contracts between Traffix and Altex for the pick-up, loading, shipment, and transportation of the subject cargo and provide:

a.   The names and addresses of all parties who are a party to each contract identified;

b. The date or dates of each contract;

c. The names and official capacity of all persons who signed each contract if written;

d. The names and official capacity of the person with the most knowledge surrounding the contractual relationship;

e. Attach copies of each contract to these interrogatories if written; and

f. If oral, state with particularity the terms of the contract including but not limited to contract amount, date of pick-up, date of shipment, description of property to be transported, address of origin, and address of delivery.

**ANSWER:**

5. State whether Altex or anyone acting on behalf of Altex obtained an oral, written, or otherwise recorded statement regarding any of the matters set forth in the Petition. If so:

a. Identify the person or persons obtaining each statement and the name and address of his or her employer at the time the statement was obtained;

b. State the exact location where each statement was obtained;

c. State the date and time each statement was obtained;

d. Identify the person who presently has custody of the statement;

e. Identify each person present at the time the statement was obtained; and

f. Identify all documents and electronic media relating to this Interrogatory and its subsections and produce a copy of those documents pursuant to Defendant's Requests for Production.

**ANSWER:**

6. State whether Altex or anyone acting on behalf of Altex including, but not limited to, Silgan made any investigation into the cause, origin or alleged damages sustained to

the subject cargo. If so, state the name and address of each person making such investigation and whether any investigative reports were prepared as a result thereof.

**ANSWER:**

7.      Identify the name and title of the person contacting or hiring Altex for the transportation of the subject cargo on behalf of Traffix and/or Silgan and the name and title of any person involved in arranging for the transportation of the subject cargo on behalf of Traffix and/or Silgan.

**ANSWER:**

8.      State whether Altex or anyone acting on behalf of Altex including, but not limited to, Silgan participated in the packing, unpacking, handling, loading, unloading, securing, and/or transportation of the subject cargo before, during, or after the subject transportation. If so, state:

      a.    The full name, address, and telephone number of the person or entity participating;

      b.    The employment capacity if an individual; and

      c.    The nature of the involvement with the packing, unpacking, handling, loading, unloading, securing, or transportation of the subject cargo.

**ANSWER:**

9.      Describe with specificity any marking or packaging attached to the subject cargo stating that the subject cargo required special or additional care in handling of the subject cargo.

**ANSWER:**

10.      Describe and identify any inspections of the subject cargo or its packaging made prior to, during, or subsequent to the subject transportation, including

      a.    The person(s) who made or conducted such inspection;

       b.    When the inspection was conducted;

       c.    Where the inspection was conducted; and

       d.    The condition of the subject cargo at the time of the inspection.

**ANSWER:**

    **11.**    State whether Altex or anyone acting on behalf of Altex retained any person or entity to estimate or apprise the value of the subject cargo prior to the subject transportation and, if so, state the name, address, and employment capacity of each person or entity retained, the nature of their estimate or appraisal, and the amount determined by such person or entity.

**ANSWER:**

    12.    State whether Altex or anyone acting on behalf of Altex retained any person or entity to estimate or apprise the value of the subject cargo after the subject transportation, including after the property allegedly sustained damage, and, if so, state the name, address, and employment capacity of each person or entity retained, the nature of their estimate or appraisal, and the amount determined by each such person or entity.

**ANSWER:**

    13.    Identify the name and title of all of Altex's employees, agents, or representatives who communicated with any party or any other entity regarding the subject shipment, the name of the other party or entity, and the nature of the communications.

**ANSWER:**

    14.    State, with particularity, the total amount of damages claimed by Traffix as a result of the occurrence(s) alleged in the Petition and state, with particularity, the basis for any amount claimed.

**ANSWER:**

15.     Identify all documents not produced in response to Plaintiff's Requests for Production, including but not limited to, documents relating to the payment, purchase, and transit of the subject cargo.

**ANSWER:**

16.     Identify all documents relating to the pick-up, packing, loading, securing, moving, shipping, transport, unloading, unpacking, or storage of Silgan's property that is the subject of the Petition, including but not limited to shipping receipts, contracts, bills of lading, warehouse receipts, and storage invoices.

**ANSWER:**

17.     Identify all documents describing the nature and condition of the subject cargo at the time of origin, including but not limited to any documents relating to the purchase, valuation, estimate, or appraisal of the subject cargo.

**ANSWER:**

18.     Identify all documents describing the nature and condition of the subject cargo at the time of delivery, including but not limited to any documents relating to any alleged damage sustained or any valuation, estimate, or appraisal performed on the subject cargo.

**ANSWER:**

19.     Identify any and all written notice(s) of the damage and/or loss to the subject cargo alleged in the Complaint provided to Altex.

**ANSWER:**

20.     Furnish the identity, last known address, and telephone number of each and every witness who will testify at trial, together with the subject matter of the testimony.

**ANSWER:**

21.     Identify each expert witness, whether independent or controlled, that Altex has retained and who may be expected to render an opinion at the trial of this case, including each expert's name, employer, general field of expertise, the subject matter about which each such expert is expected to testify and the bases upon which each such expert is expected to render an opinion.

**ANSWER:**


                                    Respectfully submitted,

                                     */s/ David Rubenstein*

                                    David Rubenstein, Esq.
                                    Rubenstein Business Law
                                    30 S. Wacker Drive, 22nd Floor
                                    Chicago, IL 60606
                                    Ph: 312-466-5612
                                    Fax: 312-466-5601
                                    Email: Drubenstein@rubensteinbusinesslaw.com

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, deposes and states that Plaintiff's First Set of Interrogatories were served on Defendant's counsel pursuant to Federal Rule of Civil Procedure 33 via email to the following:

Scott Wing (ARDC No. 6298780)
Howard Randell (ARDC No. 6204957)
LEAHY, EISENBERG & FRAENKEL, LTD.
33 West Monroe Street, Suite 1100
Chicago, Illinois 60603

Respectfully submitted,

/s/ David Rubenstein

David Rubenstein, Esq.
Rubenstein Business Law
30 S. Wacker Drive, 22nd Floor
Chicago, IL 60606
Ph: 312-466-5612
Fax: 312-466-5601
Email: Drubenstein@rubensteinbusinesslaw.com